Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch Street, Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff ANTHONY BOUYER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AU ZONE INVESTMENTS NO 2, LP, a California limited partnership; and DOES 1-10, inclusive,<br><br>Defendants. | CASE No.: 2:20-cv-04593-FMO-JEM<br><br>**Plaintiff's Memorandum of Points and Authorities in Support of Application for Default Judgment by Court and Request to Affix Fees as to Defendant AU ZONE INVESTMENTS NO 2, LP, a California limited partnership**<br><br>Hon. Fernando M. Olguin<br><br>Date: August 27, 2020<br>Time: 10:00 a.m.<br>Ctrm: 6D |

## TABLE OF CONTENTS


**I. PROCEDURAL POSTURE** .....1

**II. CONCISE FACTUAL STATEMENT** .....1

**III. ARGUMENT** .....2

A. The Americans with Disabilities Act .....4
1. *The Plaintiff is Disabled* .....4
2. *The Defendants' Business is a Public Accommodation* .....4
3. *The Business Presented Physical Barriers* .....4
4. *Summary* .....5

B. The Unruh Civil Rights Act .....5

**IV. THE EITEL FACTORS SUPPORT DEFAULT JUDGMENT** .....6

A. Possibility of Prejudice to Plaintiff .....7

B. The Merits and Sufficiency of the Plaintiff's Claims and Complaint .....7

C. The Sum of Money at Stake .....7

D. The Possibility of Dispute .....8

E. The Possibility of Excusable Neglect .....8

F. Policy Favoring Decision on the Merits .....8

**V. REQUEST FOR INJUNCTIVE RELIEF** .....8

**VI. REQUEST TO AFFIX ATTORNEY FEES** .....10

**VII. CONCLUSION** .....14


MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

## TABLE OF AUTHORITIES

**Cases**

*Aldabe v. Aldabe*,
616 F.2d 1089 (9th Cir. 1980) .......... 7

*Blackwell v. Foley*,
724 F. Supp. 2d 1068 (N.D. Cal. 2010) .......... 9

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
631 F.3d 939 (9th Cir. 2011) .......... 4

*City of Riverside v. Rivera*,
477 U.S. 561 (1986) .......... 9

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir.1986) .......... 7, 8

*Geddes v. United Fin.Group*,
559 F.2d 557 (9th Cir.1977) .......... 7

*Goodwin v. C.N.J., Inc.*,
436 F.3d 44 (1st Cir. 2006) .......... 9

*Helen L. v. DiDario*,
46 F.3d 325 (3rd Cir. 1995) .......... 3

*Independent Living Resources v. Oregon Arena Corp.*,
982 F. Supp 698 (D. Org. 1997) .......... 3

*PepsiCo, Inc. v. California Sec. Cans*,
238 F. Supp. 2d 1172 (C.D. Cal. 2002) .......... 8

*Roberts v. Royal Atlantic Corp.*,
542 F.3d 363 (2nd Cir. 2008) .......... 3

*Shanghai Automation Instrument Co., Ltd. v. Kuei*,
194 F. Supp. 2d 995 (N.D. Cal. 2001) .......... 8

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

*Vogel v. Rite Aid Corp.*,
992 F.Supp.2d 998 (C.D. Cal. 2014) ....6

*Wilson v. Haria and Gogri Corp.*,
479 F.Supp.2d 1127 (E.D. Cal. 2007) ....5

**Statutes**

42 U.S.C. § 12102(2)(A)....4

42 U.S.C. § 12102(a)....3

42 U.S.C. § 12181(7)(A)....4

42 U.S.C. § 12182(a)....3

42 U.S.C. § 12182(b)(2)(A)(iv)....3

42 U.S.C. § 12188 ....6

42 U.S.C. § 12188(a)....3

Fed. R. Civ. Proc. 8(b)(6) ....6

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

## I. PROCEDURAL POSTURE

The complaint was filed in federal court on May 21, 2020. The Proof of Service for Defendant AU ZONE INVESTMENTS NO 2, LP, a California limited partnership was filed on June 11, 2020. Defendant never responded to the summons and complaint and a Request for Entry of Default were filed on July 7, 2020. Default was entered by Clerk as to Defendant on July 8, 2020.

## II. CONCISE FACTUAL STATEMENT

Plaintiff is an adult California resident. Plaintiff is paraplegic and substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects. As a result of these disabilities, Plaintiff relies upon a wheelchair, to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA.

On or about May 14, 2020, Plaintiff went to the business located at 8625 Woodman Ave., Arleta, CA 91331 to visit and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law.

Unfortunately, although parking spaces were some of the facilities reserved for patrons, there were barriers for persons with disabilities that cause the named facilities to fail as to compliance with the Americans with Disability Act Accessibility Guidelines ("ADAAG") in or around May 2020 or at any time thereafter up to and including, the date of the filing of this complaint. Plaintiff experienced an accessible parking area where a built up curb ramp that projects from the sidewalk and into the access aisle in violation of Section 406.5 and the curb ramp is in excess of the maximum grade allowed by ADAAG specification in violation of Section 406.1.

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

Plaintiff would like to return to the business but is dissuaded from doing so because of the lack of compliance. As soon as the facilities are made accessible, Plaintiff will be able to patronize the business again without fear of discrimination.

## III. ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure allows for judgment to be had in a case of this type when the Defendant fails to answer the Complaint. In this case, Defendant was served with the Summons and Complaint evidenced by the Proof of Service of Summons on file with this court. As detailed in the Declaration of Plaintiff's counsel, Defendant is neither an infant nor incompetent person nor in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

Defendant was on notice as to what Plaintiff was seeking as it was served the Complaint which references with specificity in Plaintiff's Prayer for Relief the fact that Plaintiff was seeking the following:

> 1. A preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Subject Property;
>
> 2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;
>
> 3. An additional award of $4,000 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016).
>
> 4. And, for reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

*See* complaint and prayer. The Plaintiff is entitled to the relief that he has prayed for in his Complaint.

### A. The Americans with Disabilities Act

Under Title III of the ADA, the general rule is that: "No individual shall

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.' 42 U.S.C. § 12182(a). The term "discrimination" is a little misleading:

> Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to eliminate more passive forms of discrimination, e.g., a person is physically unable to enter the premises because it lacks a wheel-chair accessible entrance. H.R.Rep No. 101-485 (II) at 99 (1990), reprinted at 1990 U.S.C.C.A.N.303, 382 (a primary purpose of the ADA is to "bring individuals with disabilities into the economic and social mainstream of American life.)

*Independent Living Resources v. Oregon Arena Corp.*, 982 F. Supp 698, fn. 1 (D. Ord 1997). The scope of the Act covers not only intentional discrimination, but also the discriminatory effects of "benign neglect, apathy, and indifference." *Helen L. v. DiDario*, 46 E.3d 325, 335 (3rd Cir 1995) (internal quotations omitted).

To succeed on his Title III, ADA claim, Plaintiff must, "establish that (1) he is disabled within the meaning of the ADA; (2) that the defendant's own, lease, or operate a place of public accommodation; and (3) that the defendant discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008). Under Title III of the ADA, one form of discrimination is defined as failure to remove architectural barriers unless they are not readily achievable to remove. 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. The plaintiff must be disabled. 42 U.S.C. § 12102(a);
2. Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

3. Defendant's facility must have had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv);
4. The plaintiff must have encountered the architectural barrier precluding his full and equal access to the facility. 42 U.S.C. § 12188(a).

In this case, Plaintiff's civil rights were violated because Defendant failed to provide proper access to the parking lot at 8625 Woodman Ave., Arleta, CA 91331 and the Subject Property contained multiple architectural barriers. Plaintiff will discuss each element, seriatim.

***1. The Plaintiff is Disabled***

Plaintiff is a disabled man who is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices, including, at times a wheelchair, to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

***2. The Defendant's Business is a Public Accommodation***

The subject property is a business that is expressly identified as a place of public accommodation and subject to the Title III of the ADA. See 42 U.S.C. § 12181(7)(B).

***3. The Business Presented Physical Barriers***

In the present case, the lack of access in and around the parking lot and pathways located on Defendant's property, are barriers to Plaintiff. Barriers are determined by reference to the American with Disabilities Act Accessibility

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d9 939, 945 (9th Cir. 2011).

Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law. Plaintiff experienced an accessible parking area where a built up curb ramp that projects from the sidewalk and into the access aisle in violation of Section 406.5 and the curb ramp is in excess of the maximum grade allowed by ADAAG specifications in violation of Section 406.1.

A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2). Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of the law.

Whether the removal of these barriers is "readily achievable" is an affirmative defense that is waived unless raised. *Wilson v. Haria and Gogri Corp.*, 479 F.Supp.2d 1127, 1133 and fn. 7 (E.D. Cal. 2007) (if a Defendants "has failed to plead that barrier removal is not readily achievable in its answer…the defense is waived" and, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal…."). Here, this is not an issue raised in contention. Moreover, the complaint allegation that a Defendant failed to meet their barrier allegation is sufficient in a default judgment setting. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) (compiling cases and holding that a Defendants cannot meet their burden on the issue where they fail to appear and defend).

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

***4. Summary***

Plaintiff is disabled. The Defendant's business has unlawful barriers. The Defendant has failed to remove those barriers and violated the American with Disabilities Act. Plaintiff is entitled to an order requiring Defendant to remove those unlawful barriers. *See* 42 U.S.C § 12188.

**B. The Unruh Civil Rights Act**

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Under the Unruh Act, a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but "in no case" less than $4,000.00 for each time that he was discriminated against. Cal. Civ. Code § 52(a). In the present matter, the Plaintiff is asking for one statutory minimum penalty assessment of $4,000.00 pursuant to California Civil Code § 52, and the actual attorney fees and costs that he has incurred in the amount of $4,269.00. See declaration of Joseph R. Manning, Jr. filed contemporaneously with this Application.

**IV. THE EITEL FACTORS SUPPORT GRANTING DEFAULT JUDGMENT**

Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by non-responding party. *See* Fed. R.Civ.Proc. 8(b)(6); *see also, e.g., Geddes v. United Fin.Group,* 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true').

Nonetheless, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff,

(2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in this action; (5) the possibility of a dispute concerning material facts; (6) whether Defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. See *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir.1986). A consideration of these merits favors granting default judgment.

**A. Possibility of Prejudice to Plaintiff**

Plaintiff, a disabled person, has alleged that he suffered and continues to suffer discrimination due to the Defendant's failure to comply with the ADA and Unruh. When a Defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffers prejudice unless the default judgment is entered. *Vogel v. Rite Aid Corp.,* 992 F.Supp.2d 998 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA and Unruh, relying upon this rationale).

**B. The Merits of the Plaintiff's Claim and Sufficiency of the Claim**

These two *Eitel* factors are discussed above under section III of this brief. Plaintiff has sufficiently stated a meritorious claim.

**C. The Sum of Money at Stake**

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo, Inc. v. California Sec. Cans,* 238 F.Supp. 2d 1172, 1176 (C.D. Cal 2002). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to Defendants' conduct.' *Vogel, supra,* at *8. Here, Plaintiff seeks a total of $8,269.00. "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the Defendants." *Id.* at *9 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, "a relatively small award of damages" in similar ADA cases).

**D. The Possibility of Dispute**

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

Where there is a properly pled and supported complaint and the Defendant has failed to oppose the motion, then "no factual dispute exists that would preclude the entry of default judgment" and these factors "favors the entry of default judgment…." *Id. at *9.*

**E. The Possibility of Excusable Neglect**

While there is always a "theoretical possibility" that the Defendant might show up claiming excusable neglect, where the defendants "were properly served with the Complaint, the notice if entry of default, as well as the papers in support of the instant motion," this factor favors an entry of default judgment. *Shanghai Automation Instrument Co., Ltd v. Kuei,* 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

**F. Policy Favoring Decision on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. The fact that Rule 55(b) exists demonstrates that "this preference, standing alone, is not dispositive." *PepsiCo,* 238 F.Supp.2d at 177 (reasoning that "Defendants' failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible"). Given that the Defendant failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

## V. REQUEST FOR INJUNCTIVE RELIEF

"Under well-established principles of equity, a plaintiff seeking permanent injunctive relief must satisfy a four-factor test by showing: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1088 (9th Cir. 2015) (internal quotation marks omitted).

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

**A. Plaintiff Has Suffered Injury**

This factor is discussed above under Section III of this brief. Plaintiff has sufficiently shown that he has suffered an injury and stated a meritorious claim.

**B. Monetary Damages Are Inadequate and a Remedy In Equity Is Warranted and in the Public Interest**

The ADA not only requires that businesses provide accessible facilities, i.e. facilities that physically comply with the Access Standards, but they have an ongoing duty to ensure that those accessible features remain ready to be used by persons with disabilities: "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily achievable to and usable by persons with disabilities . . .." 28 C.F.R. § 36.211(a). The Department of Justice explains the purpose of this Regulation:

> "Section 36.211 Maintenance of Accessible Features Section 36.211 provides that a public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part. The Act requires that, to the maximum extent feasible, facilities must be accessible to, and usable by, individuals with disabilities. This section recognizes that it is not sufficient to provide features such as accessible routes, elevators or ramps, **if those features are not maintained in a manner that enables individuals with disabilities to use them.**"

28 C.F.R., Part 36, Appendix C, § 36.211 (emphasis added). "A violation of the ADA can occur where a defendant's business is in compliance with ADAAG requirements, but that defendant does not maintain its compliant features in a useable manner." *Kohler v. Flava Enterprises, Inc.*, 826 F. Supp. 2d 1221, 1227-28 (S.D. Cal. 2011). Therefore, Defendant is required to provide accessible routes and parking

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

facilities for persons with disabilities. Further, Defendant is also required to maintain the accessible facilities so that they remain useable for persons with disabilities.

Because access of public accommodations is a fundamental purpose of the ADA, and injunctive relief is the only remedy, monetary damages are inadequate, a remedy in equity is warranted and in the public interest.

## VI. REQUEST TO AFFIX ATTORNEY FEES

Plaintiff's rights were violated under Title III of the Americans with Disabilities Act and the Unruh Civil Rights Act. Under both Title III of the ADA and Unruh Civil Rights Act, a prevailing plaintiff is entitled to an award of reasonable attorney fees. See 42 U.S.C § 12205; Cal. Civ. § 52(a). With these cases, it is inappropriate to use the default fee schedule under Local Rule 55.

First, a cause of action under the Title III of the ADA does not allow for damages. *Goodwin v. C.N.J., Inc.,* 436 F.3d 44, 50 (1dt Cir. 2006) ("money damages are not an option for private parties suing under Title III of the ADA.") Thus, a reasonable attorney fee award cannot be calculated in a Title III ADA case by reference to the Local Rule schedule. Because the sole remedy under the particular case of action is equitable, one cannot calculate the "amount of judgment to arrive at a fee award. In other words, because the Plaintiff is entitled to injunctive relief under ADA – not damages – the amount of a "reasonable" fee cannot be determined by the schedule. "Indeed, in lawsuits under the ADA itself (unlike the California Civil Rights statutes), only injunctive relief is available and no damages are available. ADA Title III damages are always zero; yet Congress specifically offered statutory attorney fees as incentive to encourage attorneys to handle these important cases." *Blackwell v. Foley,* 724 F. Supp. 2d 1068, 1077 (N.D. Cal. 2010).

Second, it would be inappropriate to use the local rule fee schedule to determine a reasonable fee for pursuing these civil rights claims. The fee schedule creates a proportionality rule between damage recovery and attorney fee award. This has been expressly rejected by the Supreme Court for use in civil rights cases. See *City of*

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

*Riverside v. Rivera,* 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose...."). As one federal court noted, "damages are not considered the primary purpose of California laws protecting physically disabled persons." *Blackwell,* 724 F.Supp.2d at 1077. "If fees were limited by the amount of damages, no matter how meritorious the clients' claims might be, attorneys simply would not take these cases. This would be contrary to legislative determinations that statutory attorney fees should encourage attorneys to represent disabled persons." *Id.*

In sum, it is simply inappropriate to tie the amount of recoverable attorneys' fees to the amount of monetary recovery in these small dollar civil rights cases. Plaintiff requests this Court affix the attorneys' fees.

Pursuant to this Court's Minute Order dated July 15, 2020, Plaintiff includes the chart entitled "Calculations Summary – Global" on the next page. Thereafter, on the page that follows, Plaintiff includes the "Calculations Summary – Attorney's Fees" which is also attached as a freestanding document herein as Exhibit 5.

//

//

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

**Calculations Summary- Global**

| Damages | Type | Authority | Damages in dollars |
|---|---|---|---|
| Injunctive Relief | Preliminary and Permanent Injunction | 42 U.S.C. section 12181 et seq. as amended by the ADA Amendments Act of 2008 (P.L. 110-325) and UCRS, Civil Code section 51 et. seq. | None |
| Monetary | Actual damages and Statutory damages of $4000 pursuant to violation of section 52(a) of the California Civil Code | Section 52(a) of the California Civil Code | $4000 |
| Monetary | Deterrence Damages of $4000. *Johnson v. Guedor*, 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USCD Cal, E.D. 2016) | *Johnson v. Guedor*, 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USCD Cal, E.D. 2016) | $4000 |
| Monetary | Reasonable attorney's fees, litigation expenses and costs of suit. Declaration of Mr. Manning, (Ex. 1 herein) (See also freestanding document entitled "Calculations Summary- Attorney's Fees Details" Exhibit 5 herein). See also the following page in this Memorandum | 42 U.S.C. section 12205; California Civil Code section 52 | $4269 |
| | | | **Total monetary damages: $12,269** |

//

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

**Calculations Summary – Attorney's Fees Details**

| | |
|---|---|
| **CLIENT:** | **Anthony Bouyer v. Au Zone, et al. Case No. 2:20-cv-04593-FMO-JEM** |
| **ACCOUNTING:** | **ATTORNEY HOURS WORKED/Hourly Value** |
| **HOURLY RATE: $425** | Joseph R. Manning, Jr. (JRM) $450 / Associate Attorney (AA) $375 |

| Date | Task | Attorney | Hours | Billing Amount |
|---|---|---|---|---|
| **5/15/2020** | Reviewed information received from client | JRM | 0.5 | $225.00 |
| **5/18/2020** | Met with client and discussed case. | JRM | 0.25 | $112.50 |
| **5/20/2020** | Examined the alleged violations of the ADA Access Guidelines at the property and confirmed they are not ADA compliant as set forth in the Complaint. | JRM | 1 | $450.00 |
| **5/20/2020** | Conducted research of public records to determine identities of business owner and owner of the real property | AA | 1.35 | $506.25 |
| **5/21/2020** | Edit/draft complaint for filing. | JRM | 1 | $450.00 |
| **5/21/2020** | Reviewed and executed the front matter (civil case coversheet, summons, etc.). | AA | 0.5 | $187.50 |
| **6/3/2020** | Reviewed court-issued summons, Notice of Assignment, Standing order. | AA | 0.4 | $150.00 |
| **7/7/2020** | Reviewed and executed the Request for Entry of Default; review file generally to confirm service proper and effected as to proper defendant. | AA | 0.7 | $262.50 |
| **7/17/2020** | Drafted delcaration on behalf of client in support of Plaintiff's Application for Entry of Default Judgment. Contacted client to execute declaration. | AA | 0.6 | $225.00 |
| **7/17/2020** | Drafted Notice of Motion and Motion for Application for Entry of Default Judgment, and declaration in support. Compiled exhibits and instructed staff to file. | AA | 2.5 | $937.50 |
| **7/29/2020** | Review Default Package and Approve | JRM | 0.5 | $225.00 |
| | | | | |
| | **Litigation Expenses** | | | |
| | Filing Fees | | | $400 |
| | Service Cost | | | $138 |
| | | | | |
| | Total Bill | | | $4,269 |

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660

## VII. CONCLUSION

Plaintiff respectfully request this Court grant his application for default judgment and issue the proposed judgment.

Dated: July 29, 2020

**MANNING LAW, APC**

By: /s/ Joseph R. Manning, Jr.
Joseph R. Manning Jr.
Attorneys for Plaintiff

MANNINGLAW, APC
20062 S.W. BIRCH ST., STE., 200
NEWPORT BEACH, CA 92660