1  STEPHEN E. ENSBERG, SBN 100652
2  sensberg@aol.com
   NANCY J. SKOVHOLT, SBN 126356
3  nancy@sensberglaw.com
4  LARSEN E. ENSBERG, SBN 308757
   larsen@sensberglaw.com
5  ENSBERG LAW GROUP
6  1609 WEST GARVEY AVENUE NORTH
   WEST COVINA, CA 91790
7  (626) 813-3744
8  (626) 813-3886-FAX
9  larsen@sensberglaw.com

10 ATTORNEYS FOR DEFENDANT,
11 AU ZONE INVESTMENTS NO 2, LP

12 Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
13 ADAPracticeGroup@manninglawoffice.com
   **MANNING LAW, APC**
14 20062 S.W. Birch Street, Suite 200
15 Newport Beach, CA 92660
16 Phone: (949) 200-8755

17 ATTORNEYS FOR PLAINTIFF,
18 ANTHONY BOUYER, an individual

19               UNITED STATES DISTRICT COURT
20           FOR THE CENTRAL DISTRICT OF CALIFORNIA
21

| | |
|---|---|
| ANTHONY BOUYER, an individual, | Case No.: 2:20-cv-04593-FMO-JEM |
| Plaintiff, | |
| vs. | [PROPOSED] ANSWER OF DEFENDANT TO UNVERIFIED PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT |
| AU ZONE INVESTMENTS NO 2 L.P., a California limited partnership; and DOES 1 TO 20, inclusive | |
| Defendant. | |

- 1 -

[PROPOSED] ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

Defendant, AU ZONE INVESTMENTS NO 2 L.P. (hereafter referred to as "AU ZONE") responds to the unverified Complaint for Injunctive Relief, Damages and other related claims filed on May 21, 2020, as follows:

1. Deny the allegations of paragraph 1 of the Complaint, based on a lack of sufficient information and belief.

2. Admit the allegations of paragraph 2 of the Complaint.

3. Admit the allegations of paragraph 3 of the Complaint.

4. Deny, based on a lack of sufficient information or belief, the allegations of paragraph 4 of the Complaint.

5. Aver that the allegations of paragraph 5 assert/allege legal matters of conclusion to which no response is required by this answering Defendant. Except as so averred, admit the allegations of paragraph 5.

6. Aver that the allegations of paragraph 6 assert/allege legal matters of conclusion to which no response is required by this answering Defendant. Except as so averred, admit the allegations of paragraph 6.

7. Aver that the allegations of paragraph 7 assert/allege legal matters of conclusion to which no response is required by this answering Defendant. Except as so averred, admit the allegations of paragraph 7.

8. Deny, based on a lack of sufficient information or belief the allegations of paragraph 8 of the Complaint.

[PROPOSED] ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

9.      Admit the allegations of paragraph 9 of the Complaint.

10.     Defendant admits that there are parking spaces at the premises. Except as so admitted, Defendant denies the allegations of paragraph 10 of the Complaint.

11.     Deny, based on a lack of sufficient information or belief, the allegations of paragraph 11 of the Complaint.

12.     Deny, based on a lack of sufficient information or belief, the allegations of paragraph 12 of the Complaint.

13.     Deny, based on a lack of sufficient information or belief, the allegations of paragraph 13 of the Complaint.

14.     Deny, based on a lack of sufficient information or belief, the allegations of paragraph 14 of the Complaint.

15.     Deny, based on a lack of sufficient information or belief, the allegations of paragraph 15 of the Complaint.

16.     Deny the allegations of paragraph 16 of the Complaint.

17.     Deny, based on a lack of sufficient information or belief, the allegations of paragraph 17 of the Complaint.

18.     Deny, based on a lack of sufficient information or belief, the allegations of paragraph 18 of the Complaint.

19.     Deny the allegations of paragraph 19 of the Complaint.

[PROPOSED] ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

20. Deny, based on a lack of sufficient information or belief, the allegations of paragraph 20 of the Complaint.

21. Deny the allegations of paragraph 21 of the Complaint.

22. Deny the allegations of paragraph 22 of the Complaint.

23. Deny the allegations of paragraph 23 of the Complaint.

24. Deny the allegations of paragraph 24 of the Complaint.

25. Deny the allegations of paragraph 25 of the Complaint.

26. Defendants incorporate by reference their responses to paragraphs 1 through 25 herein as those set forth in full.

27. Aver that the provisions of the ADA and 42 U.S.C. Section 12182(a) speak for themselves. Except as so averred, deny, based on a lack of sufficient information or belief the balance of the allegations of paragraph 27, and each of its subdivisions, of the Complaint.

28. Aver that the provisions of the ADA and the cited code sections speak for themselves. Except as so averred, deny, based on a lack of sufficient information or belief the balance of the allegations of paragraph 28 of the Complaint.

29. Aver that the provisions of the ADA and the cited code sections speak for themselves. Except as so averred, deny, based on a lack of sufficient information or belief the balance of the allegations of paragraph 29 of the Complaint.

30. Deny the allegations of paragraph 30 of the Complaint.

[PROPOSED] ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

31. Deny the allegations of paragraph 31 of the Complaint.

32. Defendants incorporate by reference their responses to paragraphs 1 through 31 herein as those set forth in full.

33. Aver that California Civil Code § 51 *et seq*. and cited code sections speak for themselves. Except as so averred, deny, based on a lack of sufficient information or belief, the balance of the allegations of paragraph 33 of the Complaint.

34. Deny the allegations of paragraph 34 of the Complaint.

35. Deny the allegations of paragraph 35 of the Complaint

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's entire Complaint, and each cause of action therein, fails to state facts constituting a claim which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Public access is not permitted to the areas of Answering Defendant's real property from which Plaintiff claims to have been excluded on the basis of his alleged disability.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant cannot readily achieve removal of the structural and/or other barriers of which Plaintiff complains, nor can Defendant furnish

Plaintiff with access by other readily achievable alternative methods.

FOURTH AFFIRMATIVE DEFENSE

The modifications demanded by Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations furnished by this Answering Defendant, and are therefore not required.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, upon information and belief, are moot by virtue of removal of any barriers and correction of any other deficiencies alleged. No basis exists for any injunction or other equitable relief.

SIXTH AFFIRMATIVE DEFENSE

There is no ongoing discriminatory treatment at the premises, as is prerequisite for injunctive relief pursuant to section 12188(a)(1) of Title III of the Americans With Disabilities Act, 23 U.S.C. section 12181 et seq.

SEVENTH AFFIRMATIVE DEFENSE

There has been no construction of new facilities, nor any area of specific alteration, structural repair or addition of existing facilities, such as might otherwise bring into operation the provisions of Health & Safety Code section 19955 et seq.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has no private right of action under Health & Safety Code section

19955 et seq.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate the irremediable harm prerequisite to injunctive relief.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations improperly impose on Answering Defendant an obligation to modify the property and/or to provide a higher degree of care for an individual with a disability than for an individual who is not disabled, in contravention of Civil Code section 54.1(b)(3)(B)(4).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations improperly confer on Plaintiff a right or privilege that is applicable alike to other persons, in contravention of Civil Code section 51(c).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint purports to require construction, alternation, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, in contravention of Civil Code section 52(g).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy the condition precedent of notification to Answering Defendant of the alleged violations.

[PROPOSED] ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing his Complaint and each cause of action therein alleged by virtue of his own unclean hands.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing his Complaint and each cause of action therein alleged pursuant to the doctrine of laches.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct gives rise to an estoppel barring his Complaint and each cause of action therein alleged.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no detriment, hardship, barrier, discrimination, denial of access, nor injury or damage of any kind as a result of any of the matters alleged in his Complaint.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred in whole or in part because it was filed in contravention of the requirements set forth under California law (Senate Bill 1186) which governs disability- access actions filed under the Americans with Disabilities Act.

NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Answering Defendant bears any liability for the matters

[PROPOSED] ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

alleged in the Complaint, such liability is the primary obligation of co-Defendants and/or third parties, such that this Answering Defendant is entitled to indemnity therefor from, and judgment against, such co-Defendants and/or third parties.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the Defendant's business necessity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the provisions of 42 U.S.C.A. section 12182(b).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the provisions of Gov. Code section 4450 and Health and Safety Code section 19955-19956.

**PRAYER:**

WHEREFORE, Defendants pray that:

1. Plaintiff take nothing by his Complaint;

2. For attorneys' fees and related litigation expenses;

3. For recoverable costs of suit; and

4. For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

## DEMAND FOR TRIAL BY JURY

Defendant requests a Trial by Jury of the claims against them alleged by Plaintiff.

Dated: August 10, 2020

STEPHEN E. ENSBERG
NANCY J. SKOVHOLT
LARSEN ENSBERG
ENSBERG LAW GROUP

BY: <u>s/ *Larsen E. Ensberg*</u>,
LARSEN E. ENSBERG
ATTORNEYS FOR DEFENDANT,
AU ZONE INVESTMENTS NO 2, LP

[PROPOSED] ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

PROOF OF SERVICE BY MAIL
(served pursuant to L.R. 5-3.1.1;1013a, 2015.5, C.C.P.)

STATE OF CALIFORNIA        )
                           ) ss:
COUNTY OF LOS ANGELES  )

I, Bernadette Morgan, declare as follows:

I am employed in the County aforesaid; I am over the age of eighteen years and am not a party to the within action; my business address is 1609 West Garvey Ave. North, West Covina, California 91790.

On August 11, 2020, I served the following:

[PROPOSED] ANSWER OF DEFENDANT TO UNVERIFIED PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT

on the interested parties in said action by first class mail, as follows:

Joseph R. Manning, Jr., Esq.
MANNING LAW, APC
20062 S.W. Birch Street, Suite 200
Newport Beach, CA  92660
Attorneys for Plaintiff, Anthony Bouyer, an Individual

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid, at West Covina, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit/declaration.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed on August 11, 2020, at West Covina, California.

                        */s/ BMorgan*
                        Bernadette Morgan